UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO JOSE MORENO,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER PENA, et al.,<br><br>Defendants. | Case No.  20-cv-6520-JCS<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR SERVICE OF SUMMONS AND PACER FEE WAIVER**<br><br>**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. Nos. 1, 2, 4, 7 |

## I.    INTRODUCTION

Plaintiff Rigoberto Jose Moreno, pro se, has applied to proceed in forma pauperis.  *See* dkt. 2.  Sufficient cause having been shown, that application is GRANTED.  The Court has also separately granted Moreno's application for electronic filing.  *See* dkt. 11.

Moreno separately seeks a waiver of fees for the PACER public access system.  *See* dkt. 4. Now that he is approved for electronic filing, Moreno will have limited free access to new filings in this case.  Moreno has not articulated any further need for free access to other filings.  His application for waiver of PACER fees is therefore DENIED, without prejudice to filing a new request explaining why such relief is necessary.

The Court now reviews Moreno's complaint to determine whether the case should go forward under 28 U.S.C. § 1915(e)(2)(B).  For the reasons discussed below, Moreno is ORDERED TO SHOW CAUSE why the complaint should not be dismissed, by filing no later than April 19, 2021 either an amended complaint or a response arguing why his current complaint is sufficient.  If Moreno does not file a response by that date, the case will be reassigned to a United States district judge with a recommendation that it be dismissed.

Moreno's motion to serve summons (dkt. 7) is DENIED without prejudice.  If the Court

1    ultimately determines that Moreno's complaint is sufficient to proceed against some or all of the

2    defendants Moreno has named, the Court will instruct the U.S. Marshal to serve summons on all

3    such defendants.  First, however, Moreno must satisfy the Court that his complaint sufficiently

4    states a claim, as discussed below.

5        The case management conference previously set for April 30, 2021 is CONTINUED to

6    May 28, 2021 at 2:00 PM.

7    **II.    ALLEGATIONS OF THE COMPLAINT**

8        Moreno's complaint is difficult to follow.  It presents his grievances in a non-linear fashion

9    and mixes factual allegations regarding excessive force by police officers with speculation about

10   collusion among various government agencies and private entities.  Portions of the complaint are

11   incoherent.  *E.g.*, Compl. (dkt. 1) at 4 ("The sovereignty of the court is the disposition of the court,

12   but the evidence of the claim is sovereignty of the plaintiff RIGOBERTO JOSE MORENO.");

13   Compl. at 22 ("It is evident that Section 1983 is the essential findings of the claim that proves the

14   attitude, facts and actions of those individuals misconduct."); Compl. at 23 ("The material

15   produced, including evidence has proved all the factors as being opportunities to underline the real

16   problem about data and migration of physical bodies.").

17       As far as the Court can discern, Moreno alleges that he was badly beaten by police officers

18   without cause, after he called the police to the SRO where he resided to resolve a dispute.  The

19   sequence of events is not entirely clear, however, as Moreno alleges that police attacked him on

20   January 23, 2018 (Compl. at 20), that police were dispatched and attacked him on January 23,

21   2019 (Compl. at 5–6, 9–10), that he sought to recover property from the SRO on January 9, 2020

22   (Compl. at 3, 7), and that he was injured by San Francisco police officers on January 23, 2020

23   (Compl. at 3)—it seems likely that some of these dates might list the wrong year, but it is not clear

24   which dates are correct.  *See* Compl. at 7–10, 18.

25       Moreno was hospitalized at Zuckerberg San Francisco General Hospital and required

26   painful and expensive medical treatment, although he asserts that the hospital failed to provide all

27   appropriate screening and that he continues to suffer from pain and deep vein thrombosis.  Compl.

28   at 7, 15–16, 18.  He also alleges that his mistreatment was part of an "effort to conceal relevant

United States District Court
Northern District of California

2

facts pertaining to the housing claim and for the unemployment benefits," including through officers investigating his use of an Employment Development Division ("EDD") benefits card, and that the San Francisco Fire Department ambulance service improperly acquired his personal health information, but the complaint does not meaningfully elaborate on those claims.  Compl. at 16–17.  Moreno asserts claims under 42 U.S.C. § 1983 and seeks several million dollars in damages.  *See, e.g.*, Compl. at 20–22.

The complaint names more than twenty San Francisco police officers as defendants, some identified only by a badge number.  *See* Compl. at 1.  Despite allegations related to misconduct at the hospital, the EDD, and the fire department (among other entities), none of those entities are named as defendants.

## III.   ANALYSIS

### A.   Legal Standard for Review Under § 1915

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).  Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true.  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions" and to "mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face."  *Id.* (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must

1  "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v.*

2  *Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  "A district court should not dismiss a

3  pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the

4  complaint could not be cured by amendment.'"  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

5  2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)).

6      **B.**    **Moreno Has Not Provided a Short and Plain Statement**

7        Rule 8(a) of the Federal Rules of Civil Procedure provide that a "pleading that states a

8  claim for relief must contain . . . a short and plain statement of the claim." Fed. R. Civ. P. 8(a).

9  Courts have routinely dismissed complaints that are convoluted and difficult to follow for failure

10  to comply with that rule.  *E.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996)

11  ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens

12  on litigants and judges."); *Roundtree v. Phoenix Suns LP*, No. CV-14-00929-PHX-DGC, 2014

13  WL 1951177 (D. Ariz. May 15, 2014) ("The rambling and lengthy factual allegations do not

14  comply with Rule 8's requirement of a short and plain statement of the claim."); *see also Knapp v.*

15  *Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (noting that a plaintiff's complaint had been

16  previously dismissed multiple times for failure to comply with Rule 8(a)).

17        As noted above, Moreno's complaint is difficult to follow.  The dates of the events at issue

18  are inconsistent, and some sentences are incomprehensible.  Moreno names as defendants a

19  number of police officers who are not mentioned anywhere except in the list of parties, and thus

20  fails to explain what role those officers had in his alleged mistreatment.  He also alleges conduct

21  apparently unrelated to any of the police officers named as defendants, such as the hospital's

22  failure to conduct appropriate screening.  It is not clear how that conduct relates to any claim

23  against any defendant named in this complaint.

24        Under the Federal Rules of Civil Procedure, the role of a complaint is not only to place the

25  defendants on notice of the allegations and claims at issue, but also to frame the defendants'

26  answers and set the course of the case.  Each defendant must respond with an answer specifically

27  admitting or denying each factual allegation of the complaint. *See* Fed. R. Civ. P. 8(b).  It would

28  be extremely difficult for a defendant to provide such a response to Moreno's current complaint.

1   While a pro se plaintiff's complaint is not held to the same standards as a complaint drafted by a

2   lawyer, it must still be comprehensible, and must allow the defendants to respond.  Moreno is

3   therefore ORDERED TO SHOW CAUSE why his complaint should not be dismissed for failure

4   to state a claim in compliance with the "short and plain statement" requirement of Rule 8(a), by

5   filing a response to this order or an amended complaint.

6           This is not to say that the Court demands legal precision in a complaint, much less from

7   unrepresented plaintiffs.  To the contrary, Moreno is encouraged to file an amended complaint

8   presenting the particular *facts* underlying his claims in plain language and in chronological order,

9   using short consecutively-numbered paragraphs, to place Defendants on notice of the factual basis

10  for Moreno's claims and allow them to admit or deny those allegations as required by Rule 8(b).

11  Any amended complaint should include specific factual allegations as to each defendant Moreno

12  wishes to sue, stating what that individual officer did that supports liability.

13          Because the convoluted nature of the current complaint likely requires amendment, this

14  order does not reach all possible defects of Moreno's current pleading.  The Court nevertheless

15  addresses two other issues below, so that Moreno may "'use[] the opportunity to amend

16  effectively.'"  *See Akhtar*, 698 F.3d at 1212 (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th

17  Cir. 1992)).

18          **C.    Moreno Cannot Challenge State Court Decisions**

19          Federal district courts generally lack jurisdiction over "cases brought by state-court losers

20  complaining of injuries caused by state-court judgments rendered before the district court

21  proceedings commenced and inviting district court review and rejection of those judgments."

22  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (discussing *Rooker v.

23  Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

24  This rule is known as the "*Rooker-Feldman* doctrine."  Similarly, the Supreme Court established

25  in *Heck v. Humphrey*, 512 U.S. 477 (1994), "that, in order to recover damages for allegedly

26  unconstitutional conviction or imprisonment, or for other harm caused by actions whose

27  unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

28  conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  512 U.S. at 486–87 (footnote omitted).  In most cases, the only appropriate means for a federal court to review a decision by the California courts is a petition for certiorari to the U.S. Supreme Court.

Moreno's complaint suggests that he may be seeking to relitigate at least one civil or criminal case he lost in a California court.  *See, e.g.*, Compl. at 5 (alleging that a falsified police report "ensure criminal convictions against" Moreno); Compl. at 8 (discussing an eviction order and default judgment entered by the San Francisco Superior Court); Compl. at 11 (discussing a "false conviction of a crime against officers"); Compl. at 16 (including a request "to have the felony charges removed from his criminal history"); *but see* Compl. at 9 (suggesting that criminal charges were dismissed).  Moreno is therefore ORDERED TO SHOW CAUSE why the *Rooker-Feldman* doctrine and *Heck* do not bar any aspect of his claims.  Specifically, Moreno should make clear whether he seeks to challenge any state court judgment, and whether any relevant criminal charges were dismissed or resulted in a conviction.

### D.   Moreno Must Address Whether His Cases Are Related

Moreno has filed several other cases in this district, sometimes listing his name as "Jose Rigoberto Moreno" rather than "Rigoberto Jose Moreno," all of which have been dismissed: *Moreno v. Auckee*, No. 19-cv-04206-EMC (N.D. Cal.); *Moreno v. Perkins Will, Inc.*, No. 19-cv-07443-EMC (N.D. Cal.); and *Moreno v. Brettkelly*, No. 20-cv-02082-WHO (N.D. Cal.).  It is not entirely clear if or how those cases relate to the claims that Moreno asserts here.

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action . . . whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation and internal quotation marks omitted).  In other words, if judgment has already been entered against Moreno on the same claims, he cannot assert them again here.

In order to determine whether any of his claims are barred by the doctrine of res judicata, Moreno is ORDERED to provide a brief statement, separate from any amended complaint,

United States District Court
Northern District of California

1   explaining whether the claims that he asserts here relate to any of the three cases listed above.

2   **IV.     CONCLUSION**

3          For the reasons discussed above, Moreno is ordered to show cause why this case should

4   not be dismissed for lack of federal subject matter jurisdiction and for failure to state a claim on

5   which relief may be granted, by filing no later than April 19, 2021 either an amended complaint or

6   a response to this order arguing that his current complaint is sufficient.  Any amended complaint

7   must state the facts giving rise to Moreno's claims in a straightforward, chronological manner, and

8   must specify the relevant conduct by each individual defendant Moreno wishes to sue.  Moreno

9   must also address whether this case relates to any case he has previously filed in this district.  **If**

10  **Moreno does not respond to this order by that date, the case will be reassigned to a United**

11  **States district judge with a recommendation that it be dismissed with prejudice.**

12         Any amended complaint must include the caption and civil case number used in this order

13  (21-cv-00683) and the words FIRST AMENDED COMPLAINT on the first page. Because an

14  amended complaint completely replaces the previous complaint, any amended complaint may not

15  incorporate claims or allegations of Moreno's original complaint by reference, but instead must

16  include all of the facts and claims Moreno wishes to present and all of the defendants he wishes to

17  sue. *See Ferdik*, 963 F.2d at 1262.

18         **IT IS SO ORDERED.**

19  Dated: March 23, 2021

20  _____

21  JOSEPH C. SPERO
    Chief Magistrate Judge

22

23

24

25

26

27

28