UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RIGOBERTO MORENO, <br><br> Plaintiff, <br><br> v. <br><br> PENA, et al., <br><br> Defendants. | Case No. 21-cv-00683-WHO <br><br> **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** <br><br> Re: Dkt. No. 22 |

On May 10, 2021, Magistrate Judge Joseph C. Spero issued a Report and Recommendation ("R&R"), recommending that plaintiff Jose Rigoberto Moreno's Amended Complaint be dismissed with prejudice based on the preclusive effect of the judgment I entered in *Moreno v. Brettkelly*, No. 20-cv-02082-WHO (N.D. Cal. Jan 7, 2021). Dkt. No. 22.[1] Objections were due on or before May 24, 2021. On May 22, 2021, Moreno filed a "Supplemented Statement Explaining Assigned Orders by Magistrate Judge," which I will construe as an objection. Dkt. No. 26.

In *Moreno v. Brettkelly*, after conducting an initial review pursuant to 28 U.S.C. § 1915(e)(2), I granted Moreno leave to amend his complaint. Dkt. No. 15.[2] Because Moreno's amended complaint still failed to state a claim on which relief may be granted, I dismissed it pursuant to 28 U.S.C. § 1915(e)(2). Dkt. No. 31. However, it appeared to me that he may have been able to state an excessive force claim based upon the alleged January 23, 2019 incident with San Francisco police officers. *Id.* Accordingly, to the extent Moreno sought to assert a claim

---

[1] Magistrate Judge Spero also issued a *sua sponte* referral to determine whether this case is related to the *Moreno v. Brettkelly* matter that was before me. Dkt. No. 23. On May 17, 2021, I issued an order relating the cases. Dkt. No. 24.

[2] The documents cited in this paragraph refer to the *Moreno v. Brettkelly* docket.

under 42 U.S.C § 1983 against the San Francisco Police Department and/or individual police officers for use of excessive force, I dismissed that portion of his amended complaint without prejudice and granted him leave to file a second amended complaint. *Id.* After about four months with no response from Moreno, on November 20, 2020, I dismissed all of Moreno's claims with prejudice for failure to prosecute and ordered him to show cause why his section 1983 claim should not also be dismissed with prejudice. Dkt. No. 33. On January 7, 2021, after reviewing Moreno's filings in response to my November 20, 2020 order and weighing the factors described in *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010), I found it appropriate to dismiss Moreno's section 1983 claim with prejudice and dismissed the entire *Moreno v. Brettkelly* mater with prejudice. Dkt. No. 39.

A few weeks later, on January 25, 2021, Moreno filed this new action asserting substantially similar section 1983 claims against San Francisco police officers involved in the alleged January 23, 2019 incident. I agree with Magistrate Judge Spero's Report and Recommendation that all of the elements of res judicata are established to dismiss this action with prejudice: "(1) the claims in the two cases are sufficiently identical, because both arise from the common facts of Moreno's alleged physical assault by San Francisco police officers outside the [single-room occupancy hotel]; (2) Judge Orrick's dismissal with prejudice and entry of judgment operated as a final judgment on the merits, *see* Fed. R. Civ. P. 41(b); and (3) the parties are identical, because Moreno is the plaintiff in both cases and asserts a violation of his constitutional rights by the same police officers." R&R at 6.

In his objection to the Report and Recommendation, Moreno points out that the civil cover sheet he filed in *Moreno v. Brettkelly* shows that he marked it as an "SSID Title XVI" suit under the Social Security category, unlike the civil cover sheet he filed here, in which he marked the "Other Civil Rights" category. That does not change the fact that both suits still involve sufficiently identical section 1983 claims regarding the January 23, 2019 incident, which creates the preclusive effect under res judicata. This suit includes a section 1983 claim and the *Moreno v. Brettkelly* matter involved multiple claims, including a sufficiently identical section 1983 claim.

Having reviewed the record in this case and in *Moreno v. Brettkelly*, as well as Moreno's

1 objections, I agree with Magistrate Judge Spero's Report and Recommendation and adopt it in

2 full.  Moreno's Amended Complaint is DISMISSED WITH PREJUDICE based on the preclusive

3 effect of the judgment entered in *Moreno v. Brettkelly*, No. 20-cv-02082-WHO (N.D. Cal. Jan 7,

4 2021).

5 **IT IS SO ORDERED.**

6 Dated: May 26, 2021



8 WILLIAM H. ORRICK
United States District Judge